**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK GARRETT,

      Plaintiff-Appellee,

v.

PRINCIPAL LIFE INSURANCE
COMPANY,

      Defendant-Appellant.

No. 13-6142
(D.C. No. 5:09-CV-01378-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

This is an appeal by defendant Principal Life Insurance Company (Principal)

from the district court's order that granted plaintiff Patrick Garrett's motion for

attorney's fees and prejudgment interest following the successful outcome of his suit

against Principal for medical benefits under an employee benefit plan governed by

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1101-1461. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## Background

Prior to entering its order for attorney's fees and prejudgment interest, the district court entered two orders that are relevant here. First, it found that Principal was wrong when it denied Mr. Garrett's claim for medical benefits. Next, it entered an order that Principal owed Mr. Garrett the entire amount of his claim – $65,000. We affirmed both orders in Appeal No. 13-6087. Having resolved the merits in favor of Mr. Garrett, the court then considered Mr. Garrett's motion for fees and prejudgment interest. Concerning the fee request, the court found that it was "reprehensible for [Principal to] . . . first . . . den[y] [the claim] based on non existing exclusionary policy language and then four years later after [the court found Principal] culpable, to seek a 50% reduction in benefits for a totally different reason." Aplt. App. at 209. As to prejudgment interest, the court found that an award was "appropriate in this case to compensate [Mr. Garrett] for the lost use of money to which he was legally entitled." *Id*. at 211. It awarded Mr. Garrett fees in the amount of $32,662.50 and prejudgment interest in the amount of $47,671.08.

## Attorney's Fees

"We review the district court's decision whether or not to award attorney's fees and prejudgment interest for an abuse of discretion. . . ." *Thorpe v. Ret. Plan of Pillsbury Co.*, 80 F.3d 439, 445 (10th Cir. 1996). "To find that the district court

abused its discretion, we must have a definite conviction that the court, upon weighing relevant factors, clearly erred in its judgment." *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992) (internal quotation marks omitted). Further, "[i]t is well established that an appellate court plays a limited role in reviewing a district court's award of attorney's fees . . . and deference is given to a district court's judgment on the matter, since the district court is in a better position to assess the course of litigation and quality of work." *Id.* (internal quotation marks omitted).

"A fee claimant need not be a prevailing party to be eligible for an award of attorney's fees . . . under ERISA." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013). Instead, "[a] court may award fees and costs under 29 U.S.C. § 1132(g)(1) as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010)).

There are "five factors a court may consider in deciding whether to exercise its discretion to award attorney's fees." *Id.* They are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* But "[n]o single factor is dispositive and a court need not consider every factor in every case." *Id.*

As an initial matter, the court found that Mr. Garrett, having prevailed on his claim for benefits, "clearly achieved some degree of success on the merits and is eligible for attorney's fees under 29 U.S.C. § 1132(g)(1)." Aplt. App. at 209 (internal quotation marks omitted). It then applied the five factors. As to the first factor, the court explained that on two occasions, Principal "completely denied" Mr. Garrett's claim "for two different reasons," and then sought a reduction in the amount owed "for a totally different reason." *Id.* As to the second factor, the court found "there is no dispute that [Principal] is able to satisfy an award of attorney's fees." *Id.* at 210. Concerning the third factor, the court found "that an award of attorney's fees would deter other plan administrators from acting in the same manner under similar circumstances." *Id.* In this regard, the court noted the potential for Principal to repeat the same actions with other employees under this or a similar group policy. As to the fourth factor, the court considered that, because Mr. Garrett "was but one employee covered by the employee group policy," his suit might benefit other employees seeking benefits under the same policy. *Id.* Last, the court found "that [Mr. Garrett's] position was more meritorious than [Principal's] position." *Id.*

Principal argues that an award of attorney's fees was inappropriate because "[t]his was a highly unique case that would have no demonstrable impact on any future claims decisions. There is no evidence that Principal Life has faced, or will

- 4 -

face in the future, the same unique question [Mr.] Garrett's claim presented." Aplt. Opening Br. at 18. Taking this argument at face value, it does not matter whether this was a "unique case" with no foreseeable future impact. These are just some of the factors that the court may consider in deciding whether to award fees. Further, the court was not obliged to consider these factors at all. *See Cardoza*, 708 F.3d at 1207.

We also reject Principal's argument that attorney's fees were improper because it "had an arguable basis for its decision to deny benefits." Aplt. Opening Br. at 16. This is not the law in this circuit. Instead, once Mr. Garrett achieved some degree of success on the merits, the district court could exercise its discretion to award attorney's fees. *See Cardoza*, 708 F.3d at 1207.

The district court considered the relevant factors and explained why an award of attorney's fees was appropriate. We see no abuse of discretion.

### Reasonableness

Principal argues that the amount of attorney's fees awarded to Mr. Garrett was unreasonable. First, Principal argues that "[Mr.] Garrett's counsel spent 5.25 hours related to the two Complaints his attorneys drafted which contained improper state law bad faith claims and researching and unsuccessfully responding to the Motion to Dismiss that Principal Life was forced to file to eliminate the improper claims." Aplt. Opening Br. at 20. However, Principal's brief contains no citations to the record and so we will not consider its argument. *See* Fed. R. App. P. 28(a)(9)(A)

- 5 -

("The appellant's opening brief must contain . . . citations to the authorities and parts of the record on which the appellant relies. . . .");[1] *see also Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented[] in an appellant's opening brief.").

Second, Principal seeks a reduction "for an hour of pre-litigation work." Aplt. Opening Br. at 21. It cites several district court decisions and cases from other circuit courts of appeals that allegedly stand for the proposition that attorney's fees incurred in the administrative phase of ERISA proceedings are not recoverable. Once again, we do not consider this argument because Principal has failed to cite to the record. *See Bronson*, 500 F.3d at 1104.

Next, Principal argues that the district court should have reduced the award by "$5,325.00 for 19 hours of time spent by counsel familiarizing themselves with the basics of ERISA litigation." Aplt. Opening Br. at 22. This court has "noted that time spent reading background material designed to familiarize the attorney with the area of the law would normally be absorbed into a firm's overhead and that, therefore, attempting to charge an adversary with time spent conducting background research is presumptively unreasonable." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1253 (10th Cir. 1998). Again, however, Principal has failed to provide adequate citations to the record for our review. For example, although Principal cites to three

---

[1]     This requirement is now set forth in Fed. R. App. P. 28(a)(8)(A), which took effect on December 1, 2013.

pages of the appendix, it does not cite to any particular time entries. Instead, Principal apparently expects us to forage through these pages and identify the entries that allegedly relate to background research and then further parse them to determine how much time is attributable to "reading background material." This is not our responsibility. *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) ("[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [its] legal contentions." (citation omitted) (internal quotation marks omitted)).

Last, Principal argues that the award of attorney's fees should be reduced by "3,750.00 for 12.5 hours of time researching and briefing the attorney fee application," because these fees were not incurred to pursue Mr. Garrett's medical benefits. Aplt. Opening Br. at 22. We have recognized as a general matter that "[a]n award of reasonable attorney's fees may include compensation for work performed in preparing and presenting the fee application." *Case*, 157 F.3d at 1254 (internal quotation marks omitted).

**Prejudgment Interest**

The district court awarded Mr. Garrett prejudgment interest and tied this award to the rate specified by Oklahoma law (15% per annum). In particular, it found "that the rate of 15% per year would adequately, but not excessively, compensate [Mr. Garrett] for the lost use of the money . . . [and] that this 15% rate is in no way meant to punish [Principal] for any wrongdoing." Aplt. App. at 211.

Principal argues that the district court's use of Oklahoma's prejudgment interest rate was punitive and therefore unlawful. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002) ("We have held squarely that punitive damages are not available in an ERISA action."). However, we have approved of the use of the relevant state's statutory prejudgment interest rate, including Oklahoma's, as appropriate in ERISA cases as long as "nothing in the record suggests that the award . . . is punitive." *Weber v. GE Grp. Life Assurance Co.*, 541 F.3d 1002, 1016-17 (10th Cir. 2008). Because there is nothing in the record to suggest that the rate was punitive, we conclude that the court did not abuse its discretion. *See id*. ("Calculation of the rate for prejudgment interest . . . rests firmly within the sound discretion of the trial court.") (internal quotation marks omitted)).

The judgment of the district court is affirmed.

Entered for the Court

Wade Brorby
Senior Circuit Judge